IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA WYLIE, individually on behalf of herself and all other persons similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 11 CV 1786 ) |
| FOR EYES OPTICAL COMPANY, a Pennsylvania corporation, | ) ) ) ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On March 15, 2011, plaintiff Rebecca Wylie ("Wylie") filed this lawsuit against defendant For Eyes Optical Company ("For Eyes") on behalf of herself and all other persons similarly situated, alleging that For Eyes violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et. seq.*, by "failing to provide full and equal access to eye exams by ambulatory impaired disabled individuals who depend upon the use of wheelchairs who are seeking vision care services." (Dkt. No. 1 ("Compl.") ¶ 15.) For Eyes filed its Answer on May 16, 2011, including eight affirmative defenses. (Dkt. No. 13 ("Ans.").)

Pending before the court is "Plaintiff's Motion to Strike Affirmative Defenses." (Dkt. No. 15 ("Wylie's Mot.").) For the reasons set forth below, Wylie's motion is granted in part and denied in part. For Eyes' first, third, and sixth defenses are stricken without prejudice. For Eyes is granted leave to file an Amended Answer on or before December 1, 2011, setting forth its "failure to state a claim" defense and "lack of ownership or control" defense in more detail

1

consistent with this order, should it desire to do so. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before December 9, 2011. This case is set for a report on status and entry of a scheduling order on December 15, 2011 at 9:00 a.m. The parties are encouraged to discuss settlement.

## BACKGROUND

The following background facts are set forth as alleged in Wylie's Complaint.

For Eyes is a Pennsylvania corporation in the business of providing optical examinations to the public at more than 140 optometry center stores located throughout the United States. (Compl. ¶ 4.) Wylie, a quadriplegic individual who is dependant on the use of a wheelchair, was denied a comprehensive vision exam at two For Eyes locations on January 27, 2011, because she was not able to independently move herself from her wheelchair onto an examination chair. (*Id.* ¶¶ 3, 20.) For Eyes employees also told Wylie that the exam chairs could not be moved to permit Wylie's wheelchair to be positioned in place of the exam chair for purposes of accessing the examination equipment. (*Id.* ¶ 20.) An employee at For Eyes' Vernon Hills store told Wylie that no other For Eyes location could accommodate Wylie's needs. (*Id.*)

## LEGAL STANDARD

For Eyes' Answer includes eight separate assertions under the heading "affirmative defenses," including:(1) failure to state a claim for which relief may be granted; (2) lack of standing; (3) third-party contribution; (4) barrier removal not "readily achievable"; (5) estoppel and waiver; (6) lack of intent; (7) mootness; and (8) statute of limitations. (Ans. 13-14.) Wylie has moved to strike each of these defenses pursuant to Federal Rule of Civil Procedure 12(f).

Under Rule 12(f), a court may strike from a pleading any "insufficient defense or any

2

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored in this circuit because of their potential to cause delay in litigation; however, they will be granted where they serve to remove "unnecessary clutter" from a case. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

As pleadings, affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure. *Id.* Accordingly, to constitute a sufficient pleading, an affirmative defense must include a "short and plain statement" of the defense. *Id.* (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" that fail to address the necessary elements of the alleged defense are insufficient on the face of the pleading. *Id.* at 1294-95. In reviewing a motion to strike, "the court must accept all factual allegations as true and draw all reasonable inferences in favor of the pleader." *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. Nov. 2, 2000) (Alesia, J.).

## ANALYSIS

1.  Failure to State a Claim

For Eyes' first alleged affirmative defense states, in its entirety, "Plaintiff's Complaint and each purported cause of action asserted against Defendant therein fails to set forth facts sufficient to constitute a claim and/or state a claim upon which relief may be granted." (Ans. 13, ¶ 1.) Wylie argues that "failure to state a claim" is not a proper affirmative defense, and that this argument should have been "raised through a Rule 12(b)(6) motion to dismiss" instead. (Wylie's Mot. 5.)

The court agrees that "failure to state a claim" is not technically an affirmative defense,

"because it does not raise any matter outside of Plaintiff's complaint." *LaSalle Bank Nat'l Ass'n. vs. Paramont Props.*, 588 F. Supp. 2d 840, 860 (N.D. Ill. Nov. 24, 2008) (St. Eve, J.). Federal Rule of Civil Procedure 12(b) specifically mandates, however, that "[e]very defense to a claim for relief . . . [including "failure to state a claim upon which relief can be granted"] must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). For Eyes' error in terming its first defense an "affirmative defense," rather than a mere "defense," is inconsequential and does not warrant striking this defense from For Eyes' Answer. *Accord LaSalle Bank*, 588 F. Supp. 2d at 860 (noting "Form 30 . . . of the Federal Rules of Civil Procedure's Appendix of Forms lists this defense as a model defense"); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. Nov. 6, 2006) (Castillo, J.) (same) (citing the previous version of Form 30).

On the other hand, For Eyes has only included a "bare bones conclusory allegation[ ]" of its failure to state a claim defense. *Heller Fin.*, 883 F.2d at 1295. The grounds upon which For Eyes bases its defense are left unstated. As in *LaSalle Bank*, For Eyes has not set forth "any of the minimal specifics required by Rule 8 to provide [Wylie] any notice as to how and in what portion of the complaint [Wylie] has failed to state a claim upon which relief may be granted." *LaSalle Bank*, 588 F. Supp. 2d at 860-61. The court therefore grants Wylie's motion to strike For Eyes' first defense without prejudice. For Eyes is granted permission to file an Amended Answer on or before December 1, 2011, for purposes of setting forth its first defense in more detail consistent with this order, should it desire to do so.

2.     <u>Lack of Standing</u>

For Eyes' second alleged affirmative defense states as follows:

> Plaintiff lacks standing to bring the causes of action asserted in her Complaint and, to the extent she has standing to bring her Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth therein. Plaintiff further lacks standing to challenge any alleged barriers identified in her Complaint for which she fails to explain how the barriers impaired her ability to access the For Eyes locations in question.

(Ans. 13, ¶ 2.) Wylie argues that lack of standing is not an affirmative defense, because it is the plaintiff's burden to prove standing. (Wylie's Mot. 6.)

Again, the court agrees with Wylie that For Eyes' second alleged defense is not technically an affirmative defense. *See De Lage Landen Fin. Servs. v. M.D.M. Leasing Corp.*, No. 07 C 0045, 2007 WL 4355037, at *3 (N.D. Ill. Dec. 10, 2007) (Aspen, J.) ("Because a plaintiff must plead and ultimately prove standing, lack of standing 'is not an affirmative defense under federal law.'") (quoting *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp.2d 1041, 1045 (N.D. Ill. Jan. 22, 2003) (St. Eve, J.)); *accord Rudzinski v. Metro. Life Ins. Co.*, No. 05 C 0474, 2007 WL 2973830, at *1 (N.D. Ill. Oct. 4, 2007) (Keys, M.J.); *Huthwaite, Inc. v. Randstad Gen. Partner (US) L.L.C.*, No. 06 C 1548, 2006 WL 3065470, at *8 (N.D. Ill. Oct. 24, 2006) (Lefkow, J.); *Bd. of Educ. of Thornton Tp. High Sch. Dist. 205 v. Bd. of Educ. of Argo Cmty. High Sch. Dist. 217*, No. 06 C 2005, 2006 WL 2460590, at *5 (N.D. Ill. Aug. 21, 2006) (Conlon, J.).

Lack of subject-matter jurisdiction is, however, a "defense to a claim for relief" which "must be asserted in the responsive pleading," Fed. R. Civ. P. 12(b), and standing is an issue that goes directly to the heart of subject-matter jurisdiction. *See Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535 (7th Cir. 2011) ("standing is a jurisdictional requirement, derived from the case-or-controversy language in Article III"). The court therefore finds no material error in For

Eyes' mistaken terminology in labeling its second defense an "affirmative defense," rather than a mere "defense," and declines to strike For Eyes' second defense on this basis.

Wylie next argues that For Eyes' second defense should be stricken as nothing more than a "bare assertion." (Wylie's Mot. at 6.) In response, For Eyes notes its intent "to develop this affirmative defense for application during later stages of the litigation." (Dkt. No. 19 ("For Eyes' Resp.") at 6.) Unlike For Eyes' defense of failure to state a claim, the question of standing often requires substantial development of the factual record. Moreover, under the Federal Rules of Civil Procedure, For Eyes is not required to file a motion to dismiss for lack of standing at any particular stage of the litigation process. *See* Fed. R. Civ. P. 12(h)(1), (h)(3); *accord Nat'l Council on Compensation Ins., Inc. v. Am. Int'l Group, Inc.*, No. 07 C 2898, 2009 WL 2588902, at *2, n.4 (N.D. Ill. Aug. 20, 2009) (Gettleman, J.) (noting that standing is "a jurisdictional matter that may be raised at any time"). While the specific grounds for For Eyes' second defense can be, and should be, fleshed out in any future attack on Wylie's standing to bring a claim, the court declines to require further factual details in support of For Eyes' second defense at this stage of the litigation.

In light of the court's obligation to address sua sponte any obvious defects in Article III standing, *see MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 747 (7th Cir. 2007) ("if there is no Article III standing, the court is obliged to dismiss the suit even if the standing issue has not been raised"), the court notes that at this stage of the litigation Wylie has sufficiently alleged (1) an injury; (2) caused by For Eyes; (3) that can be redressed by a judicial decision, such that Wylie has satisfied the prima facie elements of Article III standing.

3.      Third-Party Contribution

For Eyes' third alleged affirmative defense states as follows:

> If Defendant is responsible in any respect for any injuries or damages suffered by Plaintiff, which Defendant expressly denies, such injuries or damages have been caused by or contributed to by others, and Defendant'[s] proportional liability, if any, should be reduced to the extent thereof.

(Ans. 13, ¶ 3.) In its response, For Eyes further clarifies its position that it cannot be liable for any of Wylie's injuries caused by architectural barriers in parking lots or paths of travel from parking lots to For Eyes' store entrances, because For Eyes typically "does not have any control" over the common areas of the strip malls in which its stores are located. (For Eyes' Resp. 7-8.)

Wylie's complaint does not appear to address any architectural barriers other than For Eyes' alleged failure to provide modified examination chairs or other means for accessing the eye examination equipment inside For Eyes' stores. (*See* Compl. ¶¶ 17-20.) Nevertheless, Wylie has declined or otherwise ignored For Eyes' invitation to "stipulate and agree that she will not seek redress for any alleged injuries or barrier removal relating to *any* of the exterior points of access at *any* of Defendant's locations." (For Eyes' Resp. 8 (emphasis in original).)

Should Wylie seek in this lawsuit to hold For Eyes liable for architectural barriers located outside of For Eyes' stores, she can only prevail on her claim if For Eyes "owns, leases (or leases to), or operates" the areas at issue. 42 U.S.C. § 12182(a); *see also Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 966-68 (9th Cir. 2006) (holding that defendant was not liable under Title III of the ADA where it did not own, lease, or operate "the grassy area at issue here"); *cf. Simpson v. City of Charleston*, 22 F. Supp. 2d 550, 555 (S.D. W. Va. 1998) (holding that defendant grocery store's "duty under the ADA to remove architectural barriers in existing facilities extends to sidewalks for which it is responsible because of ownership, agency or occupancy" pursuant to a specific city ordinance).

The problem with For Eyes' explanation of its third defense is that it is inconsistent with For Eyes' actual allegations as set forth in its Answer. As alleged, For Eyes' third defense presupposes that "Defendant is responsible . . . [for] injuries or damages suffered by Plaintiff." (Ans. 13, ¶ 3.) Under these circumstances, For Eyes seeks third-party contributions to limit For Eyes' "proportional liability" to Wylie for "such injuries or damages." (*Id.*) In short, For Eyes has articulated the basic elements of a third-party contribution claim—not an affirmative defense. For Eyes' explanation in its response brief, on the other hand, is based on the premise that For Eyes is not responsible at all for certain of Wylie's injuries or damages due to its lack of control over the areas at issue. This explanation asserts "new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *JPMorgan Chase Bank, N.A. v. Mal Corp.*, No. 07 C 2034, 2009 WL 804049, at *1 (N.D. Ill. Mar. 26, 2009) (Holderman, C.J.) (quoting BLACK'S LAW DICTIONARY 430 (7th ed. 1999) (definition of "affirmative defense")).

Because, as alleged, For Eyes' third purported "affirmative defense" does not set forth a defense to liability, it is stricken from For Eyes' Answer. To the extent For Eyes intended to plead that Wylie's "injuries or damages have been caused by . . . others," and not by For Eyes, (Ans. 13, ¶ 3), For Eyes is granted permission to file an Amended Answer on or before December 1, 2011, for purposes of setting forth this defense in detail consistent with this order, should it desire to do so.

4. <u>Barrier Removal Not "Readily Achievable"</u>

For Eyes' fourth alleged affirmative defense states as follows:

> The accommodations requested by Plaintiff and/or removal of the alleged structural barriers to access of persons with disabilities are not readily achievable, nor are

8

alternative methods readily achievable, easily accomplishable, technically feasible, would create safety hazards, and/or result in an undue burden on Defendant and others.

(Ans. 13, ¶ 4.) Wylie argues that For Eyes' assertion does not constitute an affirmative defense, because it is the plaintiff's burden to prove that barrier removal *is* readily achievable—rather than the defendant's burden to prove that it is not. (Wylie's Mot. 7-8.)

The ADA prohibits discrimination against individuals on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Included in the ADA's definition of discrimination is the "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"Title III of the ADA . . . remains silent as to who bears the burden of proving that removal of an architectural barrier is, or is not, readily achievable," *Colo. Cross Disability Coal. v. Hermanson Family Ltd. P'ship I*, 264 F.3d 999, 1002 (10th Cir. 2001). Circuit courts that have considered the question are in agreement, however, that the initial burden is on the plaintiff to "present evidence that a suggested method of barrier removal is readily achievable, *i.e.*, can be accomplished easily and without much difficulty or expense," while the defendant "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." *Id.* at 1005-06; *see also Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008); *Gathright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1274 (11th Cir. 2006).

Because For Eyes' "not readily achievable" defense can be considered an affirmative defense under the text and structure of the ADA, the court declines to strike For Eyes' fourth

9

defense.

5. <u>Estoppel and Waiver</u>

For Eyes' fifth alleged affirmative defense states as follows:

> Plaintiff's claims are barred by the doctrines of estoppel and waiver as Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at Defendant's stores. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to Defendant's stores prior to initiating her lawsuit.

(Ans. 13, ¶ 5.) For Eyes concedes in its response that "a plaintiff is not required to exhaust any particular administrative remedies or otherwise provide pre-litigation notice under Title III" and that Wylie "is not required to mitigate her damages in order to bring a claim under Title III." (For Eyes' Resp. 9.) For Eyes argues, however, that the equitable defenses of estoppel and waiver "hypothetically" could apply in the context of Title III. (*Id.*)

Federal Rule of Civil Procedure 8(d)(2) permits a defendant to plead defenses "alternatively or hypothetically." Fed. R. Civ. P. 8(d)(2). At this point in the litigation, neither party has explained to the court why the defenses of estoppel and waiver should, or should not, be applied in the context of Title III, nor has either party cited any case law on point. The question of whether estoppel and waiver are appropriate defenses in this Title III lawsuit is better addressed on a more fully-developed factual record and with appropriate briefing by the parties. The court declines to find at this stage of the litigation, as a matter of law, that For Eyes is barred from relying on these potential defenses. For Eyes' fifth affirmative defense therefore will be permitted to stand as pleaded.

6. <u>Lack of Intent</u>

For Eyes' sixth alleged affirmative defense states, "Defendant did not intentionally impede or impair access to Plaintiff and alleges that to the extent any alleged discriminatory

10

conduct occurred, which it did not, that such conduct was not intentional." (Ans. 14, ¶ 6.)

In its response, For Eyes concedes that "discriminatory intent is not an issue in the context of Title III lawsuits seeking only injunctive relief." (For Eyes' Resp. 10.) Accordingly, For Eyes has agreed to voluntarily dismiss its sixth affirmative defense without prejudice, while reserving the right to re-plead its "lack of intent" defense if Wylie later seeks compensatory, punitive, or other forms of damages in an amended complaint. (*Id.*) Wylie's motion to strike For Eyes' sixth defense is therefore moot.

7. <u>Mootness</u>

For Eyes' seventh alleged affirmative defense states as follows:

> Plaintiff is not entitled to recover attorneys' fees under the Americans with Disabilities Act ("ADA") on the grounds that Defendant had already taken and/or initiated measures to address the sought after relief prior to the initiation of Plaintiff's lawsuit, thereby rendering her claims moot.

(Ans. 14, ¶ 7.) Wylie argues that this defense should be stricken on the grounds that it is a bare legal conclusion unsupported by any accompanying factual allegations. (Wylie's Mot. at 10.)

Like standing, the question of mootness goes to the heart of the court's subject-matter jurisdiction. *See Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) ("Federal courts lack subject matter jurisdiction when a case becomes moot."). Under the Federal Rules of Civil Procedure, For Eyes may raise a defense based on lack of subject-matter jurisdiction at any point in the litigation. *See* Fed. R. Civ. P. 12(h)(1), (h)(3); *see also Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever,'" the case must be dismissed as moot) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). While For Eyes' seventh defense is lacking in factual detail, the gist of the defense is clear. Moreover, the court finds there to be no

prejudice to Wylie in permitting For Eyes' allegation of mootness to remain as pleaded in For Eyes' Answer, until such time as For Eyes further develops its argument in an appropriate motion before the court. The court therefore declines to strike For Eyes' seventh defense.

8.  Statute of Limitations

For Eyes' eighth alleged affirmative defense states, in its entirety, "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations periods." (Ans. 14, ¶ 8.) In its response, For Eyes clarifies that its concern lies with potential class members whose injuries occurred "outside of the timeframe for bringing a claim." (For Eyes' Resp. 11.) Both parties agree that For Eyes' concern can be, and should be, addressed at the class certification stage. (*Id.*; *see also* Dkt. No. 20 ("Wylie's Reply") at 11-12.)

Because Rule 8 requires a defendant to set forth any statute of limitations defense as part of its responsive pleading, *see* Fed. R. Civ. P. 8(c)(1), For Eyes' desire to include this defense at this stage of the litigation is understandable. The court therefore declines to strike For Eyes' eighth defense on the merits at this time, as requested by Wylie.

## CONCLUSION

For the reasons set forth above, "Plaintiff's Motion to Strike Affirmative Defenses" (Dkt. No. 15) is granted in part and denied in part. For Eyes' first, third, and sixth defenses are stricken without prejudice. For Eyes is granted leave to file an Amended Answer on or before December 1, 2011, setting forth its "failure to state a claim" defense and "lack of ownership or control" defense in more detail consistent with this order, should it desire to do so. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before December 9, 2011. This case is set for a report on status and entry of a scheduling order on December 15,

2011 at 9:00 a.m. The parties are encouraged to discuss settlement.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: November 10, 2011